Welcome everyone to the Fourth Circuit Court of Appeals this morning. It's good to have you here. We're looking forward to the arguments and my colleague Judge Thacker and I are especially pleased to be joined today by our friend Judge Gibney of the Eastern District of Virginia and we're going to have some The first case is Campbell-McCormick Incorporated v. Oliver, Mr. Peratt. Did I pronounce that correctly, sir? Yes, you did. I'd be pleased to hear from you. Please, the Court, it's an honor to be here. My name is Steve Peratt. I'm from Annapolis and I represent Campbell-McCormick. It's our position that the District Court misinterpreted 28 U.S.C. 1367 C.2 and it erred when it determined that that section applied to the circumstances of this case. This case involves direct product claims against Campbell-McCormick. Campbell-McCormick has filed third-party claims for contribution and... These are asbestos claims initiated in the state court of Maryland. They are, Your Honor. They're state law claims. They are. And there's a parallel case... Somebody removed it through the federal court. General Electric did. General Electric removed it. Under federal officer jurisdiction... On the contribution. On the contribution claims. Well, you can't have contribution until you prove it? Well, you can. Under the Maryland and federal third-party practice rules and Maryland's joint tort-feasor act, the scheme was set up so that issues of initial liability and contribution could be tried in the very same case. And it makes sense to do so. It doesn't make sense to have the initial claim tried and then have the defendant turn around and put on the very same evidence to prove that the third-party defendants are joint tort-feasors. And that was the whole purpose behind Campbell-McCormick filing third-party claims in the state court because there was a parallel action in Massachusetts. The Massachusetts court did not have jurisdiction over Campbell-McCormick. Yet Campbell-McCormick wanted to assert its contribution claims against the defendants in the Massachusetts case who were identified as being liable by the plaintiffs in that case. Well, you're not shut out of federal court if it turns out, or state court or anywhere else, if it turns out that you lose the case, you can go and sue G. and et al. in state court, right? Or federal court, whichever one you want. That is correct. But what sense does it make to break the contribution case into two, with some of them staying in state court and others going to federal court? Well, our preference, Campbell-McCormick's preference, is that they all ought to be kept together. In this case, the district court... Where do you want them kept? Well, because General Electric has their right to assert the federal defense, it makes sense that they be tried in the federal system. So you want these asbestos cases from state court in Maryland to be tried in the federal district court in Baltimore or Greenbelt. In this situation where one of the third-party defendants has a right of removal. Under the federal contractor defense. Right. But the order that you're appealing from is kind of peculiar in that it remands in part, correct? It does. It remands in part. And it left part of the case pending in the district court. That's correct. So how do you get... You talked about 1367. Why don't we talk about 1291 of Title 28? It says you can appeal a final decision. Correct. How is this a final decision? Well, it's a final decision in the sense that Campbell-McCormick has now been foreclosed from being able to try its claims for contribution in the same action as Plaintiff's claims against Campbell-McCormick. It's not really any different than if the judge had just severed off the contribution claim for a later date, is it? The judge could do that and that severance order wouldn't be a final order, would it? Well, it wouldn't. But in this case, the remand order put Campbell-McCormick out of claims. But what's left in the federal court? Campbell-McCormick's claims for contribution against the 11 defendants from the Massachusetts. It's still there? It is still there. Although it's administratively closed, subject to be reopened. That's correct. What does it mean to be administratively closed? That's not something that I'm too familiar with. It's something I might want to try. Well, it's a phenomenon that occurs in the U.S. District Court for Maryland, and I think essentially what it says is... Doesn't sound to me like it occurs in the U.S. District Court for Eastern Virginia. If Judge Gibney's not familiar with it. I won't touch that, but... And Judge Thacker and I, we're not district judges, so Judge Gibney knows more about it than we do. Well, in essence, it puts the case on the back burner, subject to being reopened. There's something... It's still there. That's correct. And they don't have to worry about being on the six-month report or the three-year report. Is that pretty much what it amounts to? There you go. What a great world. But you can only appeal a final decision under 1291. Now, we ask you all for supplemental briefs on jurisdiction, and we even hinted... We thought it was a hint, or I did, in the order and put something in there that said something such as the collateral order doctrine. Correct. And then you all filed these supplemental briefs, and it was as if nobody had ever heard of the collateral order doctrine. That's the only shot you got, I think. Now, Judge Thacker and Judge Gibney may not agree with that at all, but I think the only shot you got is some way to get with yourself within the collateral order doctrine, which is a 1291 appeal, but it's got to qualify, and it's very restrictive. And we've got lots of cases, and so does the Supreme Court does, on the collateral order doctrine, and there's three that you satisfy those requirements. Well, in our supplemental brief, we cited to the court the Quackenbush case. The Quackenbush case, yeah. Which essentially says that there are two justifications for a remand order being a final appealable order. The first is apparently based on case law and tradition, the fact that it puts the one party out of court, and there's very little way for that party to appeal that decision in the federal system unless it's immediately appealable. And secondly, Quackenbush speaks of the collateral order doctrine, and it says that such orders can be appealable because it does not affect the merits or the substance of the plaintiff's in the case. Now, this circuit has in the Sansoda case. Which case? Sansoda, S-A-N-S-A-T-T-A versus Town of Nags Head, the Bryan versus Bell South case, and the Battle case have said that the district court's declining supplemental jurisdiction on the 1367C is considered to be a final appealable order for purposes of 28 U.S.C. 1291. And in this case, that's exactly what happened. Now, the only distinction in this case from the cases where this court has recognized it as being a final judgment is that there was a retention of... And that's what undermines your being a final order, is that it left part of it in the district court. That's correct. What happened to your Quackenbush argument? You sort of went off on something else. At least I didn't hear you finish your Quackenbush argument about somebody being entirely out of court. Who's entirely out of court here? Well, in this case, Campbell McCormick is out of court in the sense that it cannot pursue in the same action its third-party claims for contribution. But you're not entirely out of court. Well, we're not entirely, but that... And that's what's required. The only person entirely out of court is Mr. Oliver, who didn't bring his claims in federal court in the first place. Well, that's correct. But because the case did end up in federal court, and because the effect of this order is to sever the claims for contribution, it puts Campbell McCormick out of because what this has done is it has created a situation where there's a Massachusetts claim, a Maryland state claim, and now a Maryland federal district court claim, and you run the risk of inconsistent verdicts and having to put the same evidence on twice. And so I think there's significant issues, and I think Campbell McCormick had a significant right to have these issues tried in one action. Well, and one of the requirements of the Collateral Order Doctrine is importance. It has to be an important issue. And for example, courts have held, the Supreme Court, the denial of a claim of qualified immunity, we run into a lot. Judge Gibney runs into it a lot. Claim of qualified immunity when a police officer is sued. And if that claim is denied, they can appeal immediately the denial of qualified immunity because it's important. It's important. The Supreme Court has recognized the importance of it, and that's important. Denial of a claim of double jeopardy is important because you don't want somebody to be tried a second time if they got a valid claim of double jeopardy. But nobody's ever held in the circumstances like this that the issue you're trying to pursue is important enough to satisfy the Collateral Order Doctrine, that element of importance, which I think is the second element. And you don't even argue it. You don't even argue it. Now, I don't know whether you abandon it by not arguing it. Maybe you don't. Let's assume you don't, that we have to figure it out ourselves. But how do we figure out that it's so important that it's like a double jeopardy claim or a qualified immunity claim or the things that have been recognized as important enough to warrant courts allowing, the federal courts allowing, the Collateral Order Doctrine to be applied, which is very limited. And the Supreme Court has emphasized it after Quackenbush in the digital case. And there was another one that they had after Quackenbush. They talked about how restrictive this thing was. The stringent requirements, I think they called it. The stringent requirements of the Collateral Order Doctrine need to be satisfied before we start creating exceptions, which is basically what this is, an exception under this Collateral Order Doctrine. From Campbell McCormick's perspective, the importance is the promotion... It has to be important to the system, I think. Right. The system of justice, not to a particular party. Well, important to Campbell McCormick and to litigants in the U.S. District Court is the fact that promotion of judicial economy is very important. The Supreme Court has said that the asbestos litigation... So judicial economy, is that your argument? Judicial economy. Judicial economy. That's talking about something now. I mean, you're getting down to something. The elephantine mass of asbestos... Are there any other thing you can argue about how important this thing is? Well, fairness to litigants such as Campbell McCormick. Fairness. And that is the expense of defending a case. Everybody could talk about fairness. That's correct. What did you say about elephantine? The Supreme Court has said that the personal injury asbestos litigation presents an elephantine mass of cases that has become a national crisis. And if we're going to take these asbestos cases... But they're essentially state law claims. They are state law claims. Right. And state courts are able to handle them. Federal courts don't reach out and get into the things that the state courts can and should better handle. What's going on with Mr. Oliver's case? Or the late Mr. Oliver's case? Well, right now in the state court, the state court has stayed the action pending the outcome of the Massachusetts case and pending the outcome of this appeal. The state court has stayed pending this appeal? Yes. For this purported appeal? That's correct. And in terms of importance, if we turn each asbestos case into a case that originates in state courts in Massachusetts, goes to the federal court up there, also is pending in state court here and federal court in Maryland, that does little to help this crisis of asbestos litigation. And the U.S. District Court... Well, Judge Blake said here in this particular order that you're appealing that Mr. Oliver's case is going to be better off. Everybody's going to be better off because you'll get a trial quicker in the state court than you would in the federal court. Well, she said that. She said that. Well, that's what I'm saying. I'm just saying that she said that. Judge Blake. Right. Who's a capable, respected district judge in Baltimore, recited that in the order that you're trying to appeal from. May I have additional time to respond? Will you answer my question? Yeah, you have time to answer that question. Absolutely. And anybody else's question. Keep right at it. All right. In this particular case... I'm sorry, I lost chain of your question. I said that Judge Blake said that fairness, basically, is going to be satisfied by the remand because in Mr. Oliver's case, who was really sick and has since passed away, he was going to get a quicker trial in the state court than he could in the federal court. Indeed, the judge said that. But what the judge overlooked was the fact that the state court cannot enter a final judgment against Campbell McCormick until or unless the claims for contribution have been resolved. They cannot determine an amount of a final judgment. So I think that with all due respect, the district court judge was incorrect in saying it would get them a quicker executionable judgment. And moreover, when we talk about fairness, we have to keep in mind the fact that the plaintiff selected Massachusetts as the forum of their choice and they filed suit against 27 defendants up there. And it was our position that the entire Maryland case should be stayed pending the outcome of the case in the jurisdiction that plaintiff selected first. And the reason for that is it would set the amount of the verdict. And it might also, for collateral estoppel purposes, determine who the joint tort feasors are. It might really obviate the need for a third party claim trial in either Maryland state or federal court. So under Maryland law, you can't enter a final judgment in a case where there's more than one tort feasor if there's a contribution claim, until the court parses out the liability among the joint tort feasors? That's my understanding from the Keene case that we cited to the court. And the reason for the decision in the Maryland court system is, is that you don't know the amount of the final judgment until the cross claims for contribution are determined against other defendants. So you can determine the amount of the shares and against settled defendants. So you can determine the amount of the reduction of the verdict based on the releases. Couldn't the state court just stay execution until the federal contribution case gets decided? Or you're saying that happens as a matter of law? Well, I'm saying they can't order the final judgment. And the appellees have argued that there is a Maryland rule that says the Maryland courts can enter a judgment, final judgment on less than all claims. But that is... I thought they entered a final judgment and then they went into contribution to figure out who's going to pay it. They know what the judgment is. It's just a question of who's going to cough up the money. That's right. That kind of undermines what your point is. Well, under the Maryland... My understanding may be wrong. You're saying the final judgment on the amount Mr. Oliver is entitled to is sort of an interlocutory order, maybe it's not changeable, but that doesn't become a judgment you can go execute on until all the rest of that business is straightened out among the tort feasors? That's correct. Because in some cases, some of the joint tort feasors will have settled, thereby resulting in a reduction of the verdict, either a pro tonto reduction or a share reduction. And so the state court cannot enter the final judgment where these claims were... You want the federal court to come in and figure all that out? I don't want them to figure it out. The federal court routinely hears these asbestos cases in Baltimore. And I think that the question is, where is it going to be more efficient to decide this entire case? Is it more efficient to create a third level of trial? Or would it be more efficient for the district court to have stayed the Maryland action and then, if there's a need for a Maryland action, let it all proceed in one court in front of the district court? The asbestos litigation does not present really novel issues at this point. Thank you, Mr. Perot. Thank you, Your Honor. You saved some time. Now, we have Mr. Thomas. Now, are you going to tell us why we have jurisdiction or why we don't? Which side are you on on that point? I'm going to tell you why you don't have jurisdiction. Pardon? I'm going to tell you why you do not have jurisdiction. All right. Well, let me address his last point. If this case proceeds in its present posture, how would it work? How would the case work in terms of the contribution claim? Is it right that there's not a final judgment on which poor Mr. Oliver's estate can collect? We respectfully disagree with opposing counsel's characterization of whether a final judgment can be entered. Can you collect on it? Yes, Your Honor. We can. And in fact... We can collect it all from your people or from CMC and then CMC could go against these other folks? That's correct, Your Honor. And the statute for contribution in Maryland expressly states that the right for contribution does not vest until payment is actually made on a judgment that is entered. So these contribution claims would not vest and Campbell-McCormick would not have a right to bring these third-party claims in federal court unless and until a verdict is entered against them, final judgment is entered, and they've made payment on that final judgment. So your third-party claims are all premature? That's correct, Your Honor. They're unvested rights that Campbell-McCormick is using to try and shoehorn Mr. Oliver's claims into federal court. It's important to note, and as opposing counsel concedes, this is not a 1291 order, final judgment that allows this court to have appellate jurisdiction. And the Quackenbush case that Campbell-McCormick primarily relies on is actually distinguishable from the case before this court. Quackenbush relied on claims being taken out of federal court and effectively denying litigants their day in court. That situation simply does not exist here. Campbell-McCormick has the right, indeed, their third-party claims still remain in federal court. And when they become viable claims, they will have the ability to prosecute them if they do become viable. Similarly, Mr. Oliver, whose claims are solely based on state law, will have the ability to bring his claims in Maryland State Circuit Court. Campbell-McCormick, who raises state defenses to Mr. Oliver's state law claims, will similarly have the ability to try their state law defenses in Maryland State Court. No one is being put out of court. Simply, the case is being segmented because the third-party claims are not necessarily, will not necessarily need to be tried at the end of the day. In essence, there were three outcomes from the Maryland State Court action, two of which would prevent the third-party claims from even having to be tried. There is, first, the case could settle, which 90% of civil cases do. And in that instance, third-party claims don't become valid. Second, we could go to trial and Campbell-McCormick could win. They win, no contribution claim. Third, we could go to trial and plaintiff will win. And only then would these third-party claims become right. Well, only after payment, according to you. That's correct, Your Honor. And it's important to further note that there's no need to burden the federal judiciary with these third-party claims if they're going to become unnecessary. The federal judiciary, they're courts of limited jurisdiction, not general jurisdiction. And as such, there's no need for them to waste their resources on claims that may not ever ripen, fest, or become relevant. That's why Judge Blake's decision was so reasoned. She simply segmented the case and said, look, at a later date, these may become important claims to try. And in that instance, we'll try them. But until we get to that point, there's no need for the federal court to spend time and judicial resources litigating these issues. So you think Judge Blake was exactly right? I do, Your Honor. And that's a discretionary decision. It is a discretionary decision. But we can't say that if we don't have jurisdiction. We can't comment on that. That is correct, Your Honor. We've got to have jurisdiction. This collateral order doctrine is, I know you don't think of any jurisdiction at all, but is there any other theory that they could come up with besides a collateral order doctrine to get jurisdiction under 1291 that you know of? Not that I'm aware of, Your Honor. Do they satisfy any of the three requirements of the collateral order doctrine? I believe they don't. Why wouldn't they satisfy the first one? I think Your Honor highlighted the importance. Pardon? Your Honor highlighted the importance. Yeah, I did highlight the importance. I think that's the second problem. But anyway. Well, regardless, I don't think they satisfy the importance issue. You don't think they lose on importance? Certainly, Your Honor. You don't think this is as important as qualified immunity? I do not, Your Honor. I mean, Campbell McCormick is going to have their day in court. They're going to have their opportunity to defend themselves. He says that he gave a couple reasons there was important. Fairness, judicial economy. Correct, Your Honor. I don't think judicial economy is benefited for many of the reasons that we just discussed, particularly the use of federal judicial resources trying what are primarily state claims, particularly when the federal claims may not ever vest and may not even ever require adjudication by the courts. As a result, it would be a waste of federal judicial resources to try and adjudicate these third-party affirmative defenses when the Maryland state courts are certainly capable. So what do you think we ought to do with this appeal? Your Honor, we think that this appeal should be dismissed for lack of jurisdiction. In the alternative, however, we believe that Judge Blake's opinion should be affirmed and that she did not abuse her discretion in severing and remanding the state law claims which predominate over the federal appendage that is a third-party affirmative defense. Well, do you think that this conclusively determines some disputed question in the case, the procedural order that Judge Blake entered? I do not, Your Honor. I think it's simply a discretionary order of how to best and most judiciously proceed with the case, a way to best allocate resources. This case was filed by Mr. Oliver in Maryland State Court. He chose his venue in Maryland. Campbell McCormick raises the issue of Massachusetts, but that's sort of a red herring because as Campbell McCormick concedes, they're not subject to jurisdiction in Massachusetts. Mr. Oliver brought suit against Campbell McCormick in the only jurisdiction that he could, the state of Maryland. And he should be allowed to proceed on his Maryland state claims in Maryland State Court. It's particularly important, I think, for the court to note the distinction between the claims that are brought by Mr. Oliver on one hand and the third-party affirmative defenses that are brought on the other hand because I think that distinction goes to the issue of judicial economy that we were previously discussing. Mr. Oliver's claims are all based on state court law, strict products liability and negligence. Those types of claims focus on the relationship between the plaintiff and the defendant. That is clearly distinct from the issues that are raised by the federal contractor defense that is raised by the third-party defendants. The federal contractor defense is, in essence, the defense that says the government made me do it. It requires proof of the third-party, or in this instance, the third-party defendant's relationship with the United States government. Did the government approve specifications? Did the third-party defendant comply with the specifications that the government approved? And did the third-party defendant warn the United States government of dangers that were unknown to the United States government? The main focus of that defense is third-party defendant and the United States government. That's why federal officer jurisdiction provides the federal courts with the ability to hear those cases. Mr. Oliver's claims are entirely separate. It's Mr. Oliver's whether duty was breached to Mr. Oliver and whether damages were caused as a result of that breach of duty. To require the federal court to endeavor in one hand onto Mr. Oliver's relationship with Campbell McCormick and then completely separately inquire into the third-party defendant's relationship with the United States government, which may not ever even matter unless Mr. Oliver is successful in prosecuting his claims. Again, wasting judicial resources. It's unfair to the court. And frankly, it's unfair. I mean, I'm not here to speak for my co-appellees, and they have their own counsel here, but it's unfair to them to make them litigate two separate forums. All the third-party defendants in this case are involved in litigation in Massachusetts. So what Campbell McCormick is seeking to do is essentially have them litigate both in Massachusetts and in Maryland. Certainly, that seems unfair to me. I'm not here to speak for them, but I certainly think that fairness would militate against that. And there's also a notion of comedy here that the court should be aware of. And Judge Blake really hit on this in her opinion, which is that the Maryland courts have a prerogative to apply their own laws. And in this case, all of the main body of the case are Maryland state laws. Which part of the clear order doctrine does comedy come under? I think it would come under importance as well, but importance cutting our way, Your Honor. Simply put, Maryland has a unique interest in both protecting its citizens, which Mr. Oliver was at the time he was injured, and regulating corporations that operate within its borders and may or may not engage in conduct that could injure its citizens. Maryland is in the best position to adjudicate these issues. And Judge Blake recognized that. I know it's going past the jurisdictional issue, Your Honor, but it certainly shows that Judge Blake didn't abuse her discretion should the court breach the merits. Because she considered these factors and, in fact, expressly articulated them in her order. She also, and there's some overlap, I guess, between the collateral order doctrine and some of the considerations that go into whether to exercise or decline supplement jurisdiction under 1367 C2. But Judge Blake also considered issues of fairness and Mr. Oliver's ability to obtain a trial. She considered judicial economy. She considered the ability and the necessity of trying third-party claims. And she pointed out, and this is, again, another overlapping fact, I think, is the fact that what Campbell McCormick is seeking to do is not a right. There is no right to try a third-party claim with the primary claims. At the end of the day, it's permissible, certainly. We don't dispute that. But it is not a right that is afforded to a defendant to try their third-party claims in the primary action. And that's evidenced by the Mercy case out of Maryland State Courts. And the fact that we are not looking at adjudicating a strict right, like one's right to double jeopardy and not be tried twice, I think really hammers home the point that this does not present a case of importance sufficient enough for this court to grant an exception to the 1291. So you want to get, if you win this appeal or get it dismissed or whatever, that's step one towards getting your state court case heard, is that right? That's correct, Your Honor. But it still stays pending the outcome of the Massachusetts litigation? That's correct, Your Honor. The Massachusetts litigation, my understanding, is at dispositive motions right now. And a trial date may be set. But it has not been set. So throughout the entire pendency of this appeal, a trial date has not been set. You need to file your cases in the Eastern District of Virginia. We had handled that baby beat in the Supreme Court by now. That's duly noted, Your Honor. But certainly, the goal was to get Mr. Oliver his day in court while he was still alive. And unfortunately, we failed at that goal. Mr. Oliver passed away during the pendency of this appeal. But Judge Blake made her considerations while he was still alive and considered his right to a day in court while he's alive in deciding to sever and remand the claims under 1367. Another example of how she did not use her discretion and consider the litany of factors that the Supreme Court has counseled should be considered when a district court decides whether to accept supplemental jurisdiction or decline supplemental jurisdiction under 1367. One quick note I want to go back to on the Fourth Circuit's opinion on the appealability of 1367 orders. The cases that opposing counsel referenced are distinguishable for an important reason. Those cases deal with 1367C3, not C2, which was that issue here. And it's a distinction with the true definition. 1367C3 allows a federal district court to decline supplemental jurisdiction when all the claims that provide the court with jurisdiction have been disposed of, leaving only state claims. So in those instances, the people were effectively put out of federal court entirely. That situation does not exist here. Campbell McCormick's third-party claims remain in federal court. The third-party affirmative defenses that are brought under the government contractor defense remain in federal court. Campbell McCormick will have its ability to adjudicate its third-party defenses in federal court. So that list of cases, the Sam Soda and the Battle case, they're distinguishable in terms of whether this court has jurisdiction. Because here, really the case has a part in the Maryland state courts and a part in the federal courts that is presently, as Judge Gibney noted, administratively closed, but subject to reopening should that right to contribution vest. If the court has any additional questions, I would be happy to address them. If not, I would cede my time to my co-appellate. You've got any authority that being administratively closed doesn't mean it's a final decision under 1291? I do not have any authority on that issue, Your Honor, but it's certainly not an adjudication on the merits. And I think the statutes are clear that to get to a final decision, there needs to be a merits adjudication of the issues in the case. To administratively close a case that contains issues that are unvested and rights that are unvested would mean that it could not be a full adjudication on the merits, therefore preventing a final order from being entered. I see my time is up, Your Honor. Hold it a second. Certainly. Thank you. That's all right. Thank you, Your Honor. Thank you. Anything else? Now, somebody else argued on that for the appellees. Mr. Sturm. Pleased to hear from you, Mr. Sturm. Good morning, Judge King. Strange bedfellows. My name is David Sturm. I represent the Longval Corporation. I'm appearing this morning on behalf of the remaining appellees, which are the third-party defendants below. Just very succinctly, I wanted to state our position. We are supportive of Judge Blake's rulings below. If I may just pick up on the last question with regard to whether Judge Blake's order retained jurisdiction. Her order, dated July 18, 2016, under Roman numeral III, expressly states, quote, the court, however, will grant the motion to reconsider the stay with regard to the third-party claims over which the court will retain jurisdiction. So I think, clearly, the administrative closing of the case did not affect in any way the retention of jurisdiction over the case. Back to the position of the appellees. Third-party defendant, General Electric Company, removed third-party claims from state court to federal court on federal officer grounds. As we heard earlier this morning from Mr. Peratt, he is supportive and acknowledged GE's right to remove on federal officer grounds. So there is absolutely no issue with regard to the appropriateness of the third-party claims remaining in federal court. So we are supportive of that. Did the district court retain jurisdiction over them when it administratively closed the case? Yes, we believe so because the order expressly stated, as I referenced before, that the stay was granted but the court, with regard to the third-party claims over which the court will retain jurisdiction. So jurisdiction does remain. Yes. That undermines the final decision argument? Correct. I think, obviously, if jurisdiction remains with the court, we at a later date may, we may be deciding the third-party claims in federal court. Does this satisfy any of the requirements of the collateral order, doctor? Um, well, we don't believe it does, but to be straightforward, we sort of didn't get into the jurisdictional issue. We figured that was sort of between the plaintiff and the law. So you don't want to deal with the jurisdictional issue? Correct. We believe it was appropriate to stay. We want to remain in federal court. Well, we ought to be interested in that jurisdictional issue because we're interested in it. We have to be interested in it. Sure. If you all don't want to be interested in it, we have to do your work for you. That's the reason we asked for the supplemental brief. I understand, Judge King. I think with regard to the elements of importance, I think it's going to fail on the importance issue because the promoting judicial economy and fairness to a particular litigant just doesn't rise to the level of importance. So it's going to fail in that regard. Um, with regard to the, the only other issue then with regard to Judge Blake's ruling below would be the stay issue. We're supportive of the stay. We believe that's appropriate. We believe as these cases get themselves worked out, we may not even proceed with a third party case. Obviously, we'll see. But a stay is certainly appropriate in these types of cases. Um, and so in summary, um, we are supportive of Judge Blake's rulings below. Um, and I'll be happy to answer any other questions that the court may have. But, uh, that, that concludes my presentation. Okay. We appreciate it very much. Thank you all. My honor. Mr. Perott, you saved some time. Thank you, your honor. Just briefly, I, um, I have to respectfully disagree with counsel who just said that judicial economy and fairness is not sufficiently important. I think this sort of issue is extremely important, particularly where the Supreme Court has said that the asbestos litigation has presented a national problem for both state and federal courts. So it's very important to make sure that this doesn't happen routinely. That is, that a case is split among three separate trials, and we're going to have three separate trials. Now, counsel, um, or the appellees indicated that, well, judicial economy is served because we may never get to the third party claims. Well, that seems a little odd to me because why not avoid that risk? Why not let the direct claims and third party claims be tried in one action that will absolutely dispose of everything, and it will not materially affect the length of the trial to add a federal defense in there, which, by the way, you don't even get to until somebody proves the direct claim. So you say everything ought to be tried in one case. I think that... We can't tell the state court how to try it. I mean, that's up to some judge at the state court level. Well, the state court's waiting to hear what the federal court has to say. But we don't tell them how to try their cases. I understand that. But it makes more sense that all these claims be tried in one trial. I thought you had to, under Maryland law, you had to have a judgment before you could bring these constitutional, the contribution claim. Well, that's incurred. My understanding... You don't think you have to have a judgment to sue for contribution? Under the Keene case, which is a court of appeals decision, my understanding is that the court recognizes that the third party practice rules, combined with the Maryland Joint Court Fees or Contribution Act, encourages that the contribution claims be tried with the... But that's a state law issue. Well, I think the federal... We ought not to be making too many decisions on it if we can keep from it. Well, I think this court... We have enough trouble with these federal issues. I understand that. Particularly jurisdiction. Lawyers don't pay attention to the jurisdictional problems that come up here. We have had a lot. This is not the only one this week that I'm having. I don't know how many of the other judges are having. We've got five panels running here at the same time every day. And we stumble onto these jurisdictional issues that the lawyers either don't pay attention to, or they try to get in under the rug or something. I agree. It's very easily overlooked by counsel. But in this case, this circuit has said that a discretionary declining of jurisdiction under 1367C is a final judgment. And so, in my view, the only possible thing... But it's still going to satisfy 1291. Well, that case was addressing 1291. But the difference here is, is the fact that Campbell McCormick is put out of court in terms of having the ability to litigate all these claims in one case different from a situation where all the claims are booted? Have you got any other arguments for importance other than the two you've mentioned? Judicial economy and fairness. But you didn't brief either one of those, I don't think. But do you have any other arguments that you want to bring up today that shows how important this issue is in the context of the Clare order, Doctor? Well, I would also indicate that avoiding inconsistent verdicts might be another consideration. And if you try a state claim, the state claims, Campbell McCormick will then have to put on whatever evidence the plaintiff put on in federal court. And it would be, I think, something that the court would want to make sure that one jury is deciding all issues and we don't have two juries. One says, yeah, there's liability. And the second is saying, no, there's not liability. So if you tried the contribution case in state court or federal court, either way, with the main case, would all the contributors' lawyers get the gang up on the plaintiff's lawyer and cross-examine witnesses and all that sort of thing? Absolutely. Well, so much for fairness. Well, that's typically when we're not spread across federal and state courts, typically how the cases are tried in state court and even in federal court when there's no question that the case should be in federal court. And the rationale is the exposure and liability evidence the plaintiff has to produce is the same as what the defendant third-party plaintiff has to produce. It's sort of like a pass-through. And the defendant says, well, if you believe that, and we're responsible. So your company could say, well, really it wasn't us, it was GE that put all this asbestos in the boat. Or it could say, if you find it was us, you also got to find it was GE. And by the way, the federal officer defense is based on state-of-the-art evidence, which is an element of plaintiff's proof against CMI. So it's the same proof. And I think it's not a good use of judicial time to spread this case over three jurisdictions and have three separate trials. So you keep coming back to judicial economy. That's what your primary contention is, right? Judicial economy and fairness to somebody like Campbell McCormick, who's now caught in a situation where, well, how do we try the case involving all issues and avoid the cost of two trials and involve the identical evidence? Well, can you just point to the empty chair and say, it was really GE that did this? Well, we could in state court. Yeah. But suppose that... That's not a bad defense. Suppose the jury says, yeah, we agree GE did it, but you did too. And you're both showing tort fees or you both substantially contributed to this man's illness. Thank you. Thank you very much, sir. It's been an honor. We're going to come down and greet counsel and then take a short break. And then we'll come back and hear the next case. This court will take a brief recess.
judges: Robert B. King, Stephanie D. Thacker, John A. Gibney, Jr.